IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 4:20-MJ-488

ERIC PRESCOTT KAY

JOINT MOTION TO CONTINUE TIME TO INDICT

The Government and the Defendant, ERIC PRESCOTT KAY, jointly request this

Honorable Court to continue the time upon which an indictment must be filed for this

particular case.

(1)    The Government filed a criminal complaint against Eric Prescott Kay on

July 30, 2020, alleging a violation of 21 U.S.C. § 846.

(2)    Defendant Kay initially appeared before the Honorable Jeffrey L. Cureton

on August 7, 2020.

(3)    Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an indictment must be

returned on the instant charge "within thirty days from the date on which

[the Defendant] was arrested or served with a summons in connection with

such charges."  This 30th day will fall on or about September 6, 2020,

taking into account any excludable time, pursuant to 18 U.S.C. §

3161(h)(1)(H), and Federal Rule 45(a).

(4)    The parties request that the Court continue presentation of the Defendant's

case to the Grand Jury until September 24, 2020.  Both parties believe that

**Motion to Continue Time to Indict - Page 1**

with additional time in which to gather information about the defendant and the circumstances surrounding the events leading to the pending case, a plea agreement may be reached, thus negating the need for an indictment, or the parties might be in a better position to move forward with the case in the most efficient manner.

(5)     Therefore, the granting of this continuance would be in the interest of judicial economy.  Both parties further believe that a continuance would serve the ends of justice and would outweigh the interest of the public in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

(6)     This request is not made in effort to unduly delay the proceedings, but rather to insure that justice is achieved.  The parties both believe that a failure to grant the requested continuance would deny the parties the time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  As such, return of the indictment within the normal 30-day period could result in a miscarriage of justice.  *See* 18 U.S.C. § 3161(h)(7)(B)(I).

(7)     For the foregoing reasons, the parties request that this Honorable Court continue the time upon which an indictment must be filed until on or about September 24, 2020.

**Motion to Continue Time to Indict - Page 2**

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street
Suite 300
Dallas, Texas 75242
214.659.8600
lindsey.beran@usdoj.gov



AGREED TO BY:



*s/ Lindsey Beran*                          *s/ Reagan Wynn*
LINDSEY BERAN                          REAGAN WYNN
Assistant United States Attorney      Attorney for Defendant

**Motion to Continue Time to Indict - Page 3**